TUMA, d. b. a., etc., Appellee, v. BOARD OF LIQUOR CONTROL OF THE STATE OF OHIO, etc. et, Appellants.

HERMELIN, d. b. a. R. & H. FOOD MARKET, Appellee, v. BOARD OF LIQUOR CONTROL OF THE STATE OF OHIO, etc. et, Appellants.

ROBINSON, Appellee, v. BOARD OF LIQUOR CONTROL OF THE STATE OF OHIO etc. et, Appellants.

GODIE, Jr., Appellee, v. BOARD OF LIQUOR CONTROL OF THE STATE OF OHIO, etc. et, Appellants.

Ohio Appeals, Second District, Franklin County.

Nos. 4892, 4893, 4765 and 4897. Decided January 16, 1953.

Leonard J. Stern, Isadore Topper, Columbus, Rees H. Davis, Cleveland, for appellee in case No. 4892.

Leonard J. Stern, Columbus, for appellees in cases Nos. 4893, 4765, 4897.

Hon. C. William O'Neill, Atty. Genl., Ralph N. Mahaffey, Asst. Atty. Genl., Columbus, for appellants.

## OPINION

By THE COURT.

In each of the above-styled cases the appellees have interposed a motion to dismiss the appeal for the reason that §154-73 GC does not confer a right of appeal on the Board of Liquor Control or the Department of Liquor Control.

This Court has held that the Department has the right to an appeal in the following cases:

Barn Cafe & Restaurant, Inc., v. Board of Liquor Control, No. 4637; D. E. Corn v. Board of Liquor Control, No. 4662; Anna J. Y. Socotch v. Board of Liquor Control, No. 4781 (OA 72 Abs 475).

The appellees cite the recent case of DiCillo & Sons v. Chester Zoning Board of Appeals, 158 Oh St 302, which case is in accord with the holding of the case of Minnis v. County Board of Zoning Appeals, 89 Oh Ap 289, which was considered by this Court in the Barn Cafe case, supra.

We are still of the opinion that the Department of Liquor Control may prosecute the appeals.

The motions will be overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.